IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 13 |
| ANGEL M. MARTINEZ and | * | |
| EVANGELINA D. MARTINEZ | * | Case No.: 1-05-bk-00096MDF |
|     Debtors | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| INTERNAL REVENUE SERVICE | * | |
|     Movant | * | |
| | * | |
| v. | * | |
| | * | |
| ANGEL M. MARTINEZ and | * | |
| EVANGELINA D. MARTINEZ | * | |
|     Respondents | * | |

## OPINION

This matter is before the Court on remand from the United States District Court for the Middle District of Pennsylvania. The United States Internal Revenue Service ("IRS") appealed the decision of this Court that permitted the IRS to setoff certain federal income tax refunds against pre-petition taxes, but only against priority obligations. The District Court determined that a bankruptcy court has discretion not only to determine whether setoff is appropriate, but also to delineate the allocation of the setoff. The District Court found, however, that the record failed to provide an adequate basis to support the decision and lacked sufficient detail for the District Court to determine whether the holding constituted an abuse of discretion. Therefore, the matter was remanded to provide me with an opportunity to explain my reasoning and to delineate the facts that were considered when I limited setoff of Debtors' tax refund[1] to the IRS's priority claim.

---

[1] In the motion requesting authority to setoff certain tax refunds against IRS tax claims, the IRS stated that Debtors were entitled to receive a refund totaling $7,055.00.

The Bankruptcy Code mandates that tax claims entitled to priority under § 507 must be paid in full in a chapter 13 plan. 11 U.S.C. § 1322(a)(2). General unsecured claims, however, need not be paid in full if a debtor commits all of his disposable income to the plan. The Court determined that the IRS should be required to setoff Debtors' tax refund against its priority claim because it appeared that Debtors' plan would not be feasible if the refunds were not earmarked to satisfy priority claims.

The IRS filed a proof of claim on May 18, 2005, asserting a priority claim of $122,086.08 and a general unsecured claim of $36,234.92. On February 10, 2006, the IRS amended its claim by reducing the priority amount to $92,439.88.[2] In addition to priority debt owed to the IRS, Debtors also had outstanding priority tax debt of $21,411.92 due to the Pennsylvania Department of Revenue ("PDR"). Debtors' Third Amended Plan, filed on June 29, 2005, proposed payment of priority debt owed to the IRS in the amount of $28,084.87 and total payments under the plan of $101,250.00. The disparity between the IRS proofs of claim and Debtors' plan demonstrates that Debtors and the IRS profoundly disagreed on the total amount of priority taxes due. If I assumed that the IRS's first amended proof of claim was accurate, even if all plan payments were directed to the payment of priority claims, the plan as submitted failed to provide for payment in full to the IRS and the PDR as required by § 1322(a)(2). Unless Debtors objected to the proofs of claim of the taxing authorities, and I sustained the objections, the plan could not be confirmed without the infusion of additional funds.

---

[2]In May 2006, after the hearing on this matter, the IRS filed an amended proof of claim further reducing the amount of the priority claim to $85,384.88.
2

The significant disparity between proposed priority payments under the plan and the amount of priority debt for which proofs of claim were filed was not the only indication that confirmation was tenuous. Debtors' difficulties in making required post-petition payments also suggested that their ability to propose a feasible, confirmable plan was uncertain. On February 7, 2006, in response to a motion to convert the case to chapter 7, the Court entered an order requiring Debtors to pay PDR its outstanding post-petition sales and withholding taxes of approximately $4,000.00. Further, at the time of the hearing on the IRS's motion, Debtors were delinquent on plan payments to the chapter 13 trustee. On March 31, 2006, Debtors entered into a stipulation with the trustee that required Debtors to cure a $6,000.00 deficiency within 90 days of court approval of the stipulation. Although Debtors' ability to confirm a chapter 13 plan was uncertain, the likelihood of success would have been seriously impaired if Debtors were not permitted to partially satisfy their priority tax obligations through the setoff of their tax refunds. After balancing the interests of the IRS, other creditors and Debtors, the Court determined that it was appropriate to permit the IRS to setoff the tax refunds against its claims. The Court also determined, however, that it was in the best interest of Debtors and other creditors to limit the setoff to priority tax claims.[3]

By the Court,

Mary D. France
Bankruptcy Judge

*This document is electronically signed and filed on the same date.*

Date: March 7, 2007

---

[3] This Opinion supplements the Order of the Court entered on the record on April 25, 2006.